# UNITED STATES DISTRICT COURT
## FOR THE
### EASTERN DISTRICT OF CALIFORNIA

### OFFICE OF THE CLERK
#### 501 "I" Street
#### Sacramento, CA 95814

**FILED**

FEB 2 9 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

USDC Northern District of California
1301 Clay Street
Ste. 400 S
Oakland, CA 94612–5212

**RE:**       **WILLIAMS CHANEY vs.  M. C. KRAMER**
**USDC No.:**   **2:08–CV–00377–GEB–JFM**

Dear Clerk,

Pursuant to the order transferring the above captioned case to your court, dated
February 28, 2008 , transmitted herewith are the following documents.

**Electronic Documents: 1 to 3.**

Documents maintained electronically by the district court are accessible through
PACER for the Eastern District of California at **https://ecf.caed.uscourts.gov**.

Please <u>acknowledge</u> receipt on the extra copy of this letter and return to the Clerk's Office.

Very truly yours,

**February 28, 2008**       /s/  **K. Yin**
_____

Deputy Clerk

**RECEIVED BY:**       CYNTHIA LENAHAN
_____

Please Print Name

**DATE RECEIVED:**       FEB 2 9 2008
_____

**NEW CASE**
**NUMBER:**       C08-01230  CW
_____

CLOSED, HABEAS

## U.S. District Court
### Eastern District of California - Live System (Sacramento)
### CIVIL DOCKET FOR CASE #: 2:08-cv-00377-GEB-JFM

(HC) Chaney v. Kramer et al
Assigned to: Judge Garland E. Burrell, Jr
Referred to: Magistrate Judge John F. Moulds
Cause: 28:2254 Petition for Writ of Habeas Corpus (State)

Date Filed: 02/22/2008
Date Terminated: 02/28/2008
Jury Demand: None
Nature of Suit: 530 Habeas Corpus (General)
Jurisdiction: Federal Question

**Petitioner**

**Williams Chaney**                        represented by **Williams Chaney**
E-32647
Folsom State Prison
300 Prison Road
Folsom, Ca 95763
PRO SE

V.

**Respondent**

**M. C. Kramer**

**Respondent**

**Attorney General of the State of California**

| Date Filed | # | Docket Text |
|---|---|---|
| 02/20/2008 | 1 | PETITION for WRIT of HABEAS CORPUS by Williams Chaney. (Manzer, C) (Entered: 02/22/2008) |
| 02/22/2008 | 2 | PRISONER NEW CASE DOCUMENTS ISSUED; (Attachments: # 1 Consent Forms) (Manzer, C) (Entered: 02/22/2008) |
| 02/22/2008 | | SERVICE BY MAIL: 2 Prisoner New Case Documents for GEB served on Williams Chaney (Manzer, C) (Entered: 02/22/2008) |
| 02/28/2008 | 3 | ORDER signed by Magistrate Judge John F. Moulds on 2/27/08 ORDERING CASE TRANSFERRED to the Northern District of California. Original file, certified copy of transfer order, and docket sheet sent. CASE CLOSED. (Yin, K) (Entered: 02/28/2008) |

| 02/28/2008 | | SERVICE BY MAIL: 3 Order, Case Transferred Out to Another District served on Williams Chaney. (Yin, K) (Entered: 02/28/2008) |
| 02/28/2008 | 4 | TRANSMITTAL of DOCUMENTS re 3 Order, Case Transferred Out to Another District on *2/28/2008* to * USDC Northern District of California* *1301 Clay Street* *Ste. 400 S* *Oakland, CA 94612-5212*. <br> *Electronic Documents: 1 to 3. *. (Yin, K) (Entered: 02/28/2008) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 02/29/2008 14:53:02 | | |
| **PACER Login:** | us4077 | **Client Code:** |
| **Description:** | Docket Report | **Search Criteria:** | 2:08-cv-00377-GEB-JFM |
| **Billable Pages:** | 1 | **Cost:** | 0.08 |

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAMS CHANEY,

       Petitioner,              No. CIV S-08-0377 GEB JFM P

     vs.

M.C. KRAMER, et al.,

       Respondents.        ORDER

_____/

       Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

       The application attacks a conviction issued by the Alameda County Superior Court. While both this Court and the United States District Court in the district where petitioner was convicted have jurisdiction, see Braden v. 30th Judicial Circuit Court, 410 U.S. 484 (1973), any and all witnesses and evidence necessary for the resolution of petitioner's application are more readily available in Alameda County. Id. at 499 n.15; 28 U.S.C. § 2241(d).

       Accordingly, in the furtherance of justice, IT IS HEREBY ORDERED that this matter is transferred to the United States District Court for the Northern District of California.

DATED: February 27, 2008.

UNITED STATES MAGISTRATE JUDGE

/mp;001; chan0377.108

AO 241 (Rev. 5/85)

PETITION UNDER 28 USC § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

## United States District Court

| District EASTERN DISTRICT COURT | | |
|---|---|---|
| Name WILLIAMS CHANEY | Prisoner No. E 82647 | Case No. |

Place of Confinement

FOLSOM STATE PRISON 300 Prison Road,Folsom,Ca.,95763

2:08cv0377 (FEB )FM

| Name of Petitioner (include name under which convicted) | Name of Respondent (authorized person having custody of petitioner) |
|---|---|
| WILLIAMS CHANEY | V.     M.C.KRAMER,et al,. |

The Attorney General of the State of:

jerry brown 1300 I street,suite 125 Sacramento,Ca.,94244-

## PETITION

1.  Name and location of court which entered the judgment of conviction under attack _____

2.  Date of judgment of conviction __January 11,1991_____

3.  Length of sentence_____36 years to life sentence._____

4.  Nature of offense involved (all counts) _____FIRST DEGREE MURDER,ATTEMPTED MURDER WIT A GUN

    California penal code section 187,664/187,192(a)9(2)

5.  What was your plea? (Check one)
    (a) Not guilty           ☒
    (b) Guilty               ☐
    (c) Nolo contendere      ☐
    If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

6.  If you pleaded not guilty, what kind of trial did you have? (Check one)
    (a) Jury                 ☒
    (b) Judge only           ☐

7.  Did you testify at the trial?
    Yes ☐ No ☒

8.  Did you appeal from the judgment of conviction?
    Yes ☒ No ☐

# FILED

FEB 2 0 2008

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
            DEPUTY CLERK

AO 241 (Rev. 5/85)

9. If you did appeal, answer the following:

(a) Name of court ___ Alameda Superior Court

(b) Result ___ denied

(c) Date of result and citation, if known ___

(d) Grounds raised ___ same as attachment

(e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

(1) Name of court ___ FIRST APPELLATE COURT 350 Mc Allister st., San Francisco, Ca.,

94102-3600
(2) Result ___ denied

(3) Date of result and citation, if known ___

(4) Grounds raised ___ same as attachment

(f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

(1) Name of court ___ California Supreme Court  (S154883)  Date 1/23/2008

(2) Result ___ denied

(3) Date of result and citation, if known ___

(4) Grounds raised ___

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
Yes ☐ No ☐

11. If your answer to 10 was "yes," give the following information:

(a) (1) Name of court ___ Alameda Superior Court

(2) Nature of proceeding ___ Writ of Habeas Corpus

(3) Grounds raised ___ Same as attachments

AO 241 (Rev. 5/85)

_Same as attachments_

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☒

(5) Result ___ N/A ___

(6) Date of result ___ N/A ___

(b) As to any second petition, application or motion give the same information:

(1) Name of court ___ _First Appellate Court_ ___

(2) Nature of proceeding ___ Writ of habeas corpus petition ___

(3) Grounds raised ___ same as attachments ___

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☐

(5) Result ___ denied ___

(6) Date of result ___ same as attachments ___

(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?
(1) First petition, etc.      Yes ☒ No ☐
(2) Second petition, etc.   Yes ☐ No ☐

(d) If you did _not_ appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

12. State _concisely_ every ground on which you claim that you are being held unlawfully. Summarize _briefly_ the _facts_ supporting each ground. If necessary, you may attach pages stating additional grounds and _facts_ supporting same.

CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

(4)

AO 241 (Rev. 5/85)

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted your state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.
(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: ___ 14th Amendment right deprived by contrary ruling to wolf v Mc

Donnel and title 15 section 3375..2(a)(7) _____

Supporting FACTS (state *briefly* without citing cases or law) _____

see pages

B. Ground two: _____ 6th and 14th Amendment right violation

Supporting FACTS (state *briefly* without citing cases or law): _____

AO 241 (Rev. 5/85)

C.  Ground three: _____

_____

Supporting FACTS (state *briefly* without citing cases or law): _____

_____

_____

_____

_____

_____

D.  Ground four _____

_____

Supporting FACTS (state *briefly* without citing cases or law): _____

_____

_____

_____

_____

_____

_____

13.  If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: _____

_____

_____

14.  Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack? Yes ☐   No ☐

15.  Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
(a)  At preliminary hearing _____

_____

(b)  At arraignment and plea _____

_____

AO 241 (Rev. 5/85)

(c) At trial _____

_____

(d) At sentencing _____

_____

(e) On appeal _____

_____

(f) In any post-conviction proceeding _____

_____

(g) On appeal from any adverse ruling in a post-conviction proceeding _____

_____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
    Yes ☐   No ☒

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
    Yes ☐   No ☒
    (a) If so, give name and location of court which imposed sentence to be served in the future: _____

_____

(b) Give date and length of the above sentence: _____

_____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
    Yes ☐   No ☒

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_William Chaney_
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

_2/16/2008_
(date)

_William Chaney_
Signature of Petitioner

(7)

TABLE OF CONTEND

TABLE OF CONTENDS.................................

TABLE OF AUTHORITIES..............................

    CASES.........................................

    STATUTES......................................


1) STATEMENT OF THE QUESTION(S) PRESENTED........

    II. STATEMENT OF FACTS

        A. Nature of the case.....................

           (1) Basis for subject matter(s) Jurisdiction

           (2) Basis for jurisdiction in the court
               request modfication of conviction
               sentence.

           (3) The judgment is reviewable..............

           (4) Notice of Appeal

           (5) Custody................................


B. Proceeding and Disposition in the District Court....


        Argument:

           (a) Different theory of murder and imposing sentence under
              different theory of murder and attempted murder violates
               6th and 14th Amendment rights.

           (b) Arguing,fighting,prior to guns battle is a heat of passion
               and quarrel claim with a maximum sentence to be imposed
               of 11 years.

           (c) Insufficient evidence to maintain custody level and credits
               at 28,cannot be overcome by biasness and prejudicialness

## A. NATURE OF THE CASE

1. Basis for subject matter Jurisdiction in the said case;

This writ of habeas corpus filed under penal code section 1473.6 is an statutory provision given this court jurisdiction to correct an illegal sentence not authorized by state and federal statutory and constitutional laws. Thereby being a direct cause of violating a party 6th and 14th Amendment right by the California Sentencing scheme imposed upon statutory matter by a illegal sentence under the California penal code section 187,6o4/187,provision under different theory of causes of taking life. The judgment different from the United States Supreme Court cases cited under In Re Winship 379 U.S. 358)(Cunningham vs California, 547 U.S. _____.

Therefore the petitioner seek modification of sentence.

### 2. Basis for jurisdiction;

The basis of jurisdiction in this petition is the curing of an illegal sentence that is maintaining an illegal custody,provide equal equal opportunity to unformity of regulation policies and procedure and not be denied of lower custody status base on California Department of Corrections emplower misconduct by abuse of discretion act.

### 3. The Judgment is reviewable

The judgment of conviction is reviewable,and the decision render by the department of corrections is final in the case number Alameda Superior Court 99820,99972,and has been appeal under case number A-052409 to the First Appellant Court District or by Department of Corrections appeal process 06-00377)(Sacramento CS No. 06F10356

## 4. NOTICE OF APPEAL

Notice of appeal is cited by California penal code statutes penal code 1473.6,1238.(a)(10).  The caselaws cited: In re Winship 397 U.S. 350)(California vs Cunningham,(547 U.S. _____

## 5.  CUSTODY STATUS

William Chaney ,remain in the custody of the State of California Department of Corrections, and is currently at Folsom State Prison under a prison term of 9-years plus 25 years to life .

## 6.    CASE TOPIC

This case has only three topic:

1.   United States  Constitutional 6th and 14th Amendment Rights deprivation by fraudulent conveyance.

2. Contrary ruling to established federal caselaw cited by U.S. vs Paul 37 F3d. 496,499,when the court concluded that homicide,state of mind only authorized a maximum punishment of manslaughter or involuntary manslaughter when fact of heat of passion or quarrel element are established in the records.

3. the illegal sentence and conviction deprive quaisi administrative decision for custody status,credits,and eligibility for parole to be violated when the court continue to permit punishment where the court do not or nolonger authorized under People v Blakely and People vs Lasko standards.
   or when the Department of Correction maintain the fraudulent conveyance cited in the record as a conviction for murder has been determine by act of an quarrel prior to death,is first or second degree murder inviolation of penal code 187,192(a)

Invalid Sentence is not time bar;

Imposing an illegal and unauthorized sentence that is prohibited by the United States Constitutional 14th and 6th Amendment,when the the information has been discover to be illegally impose,or the court nolonger permit punishment under the decision of case laws,the court must seek to correct the illegal judgment.  Because as the conviction now stands do not overcome beyond a reason doubt.(see In Re Winship 379 U.S. 358)(U.S. vs KHEDE,Z343 P3d 96)(MARTINEZ vs I4, US 309)

An illegal sentence or a sentence that has been discover to not be permitted imposed for the purpose of punishment is not permitted to stand,having the effects to continue at risk to denying quaisi judgment render by The Department of Corrections and Reh. facility.

An illegal sentence or judgment reaches beyond statutory permissible and effects illegal restraint clause that is prohibit by the 4th Amendments.

Releif must be granted for the examination of record,evidences for examination truth or fraudulent conveyance.

Invalid conviction and sentenced under a invalid statute,inwhich prohibit modification of status within the department of state prison has an ongoing effects stemming from the illegal sentence and conviction and must be corrected.(see Birdwell,58 CR 2d. at 246)(In Re Robbinson 18 Cal. 4th at 811-813)

The petitioner is simply contending that if the record is corrected eligibility for status credit lower than 19,would be received,and eligibility for parole would be grantedwithin the statutory definition as prescribed under the California penal code section 192(a).

Without such relief,from the fraudlent conveyance,eligibility for parole would not be obtain for 25 years

TOPIC

Denial of 14th Amendment Rights to the United States Constitutional Laws,and Contrary Ruling to U.S. vs Paul,37 F3d. 496,499,contribute to the denial of an fair quaisi hearing established under Wolf vs Me Donnell,418 U.S. 539,94 S.CT. 2963,and Division III,Title 15, Article 1,et seg. solely base on fraudulent conveyance that an homicide stemming from an heat of passion or quarrel violates penal Code sections 187,192,without first proven state of mind to commit the violent act,and fraudulent conveyance prohibits custody credits no lower than 19 points,or prohibits eligibility lower custody benifits, activities,status.

The maintaining status of conviction and custody,as offense in violation of California penal code section 187,192(a),has made punishment where the caselaw People vs Blakely(1992) 6 CA4th 1019, 82 CR2d 219)(People Vs Lasko,64 CR2d 42,and U.S. v Paul 37 F3d. 496, 499,do not permits and therefore the maintaining of the rules or ruling violates petitioner due process rights in having his conviction sentence,and custody status modify to correct term and prison status.

The cited  above caselaws only permit a manslaughter or involuntary manslaughter offense to be charged when state of mind is not to kill or established "NO" intent to kill when there is a heat of passion or fight element present in the factual evidence .

The petitioner must request the court to correct the judgment inform -ation,for eligibility for custody status credits,and eligibility for parole.

If the court permit the department of Correetions and Reh. facility to make punishment where the law do not permit,or maintain status prohibiting credits below 19,they do so inviolation of 14th Amendment rights.

11

12

## INTRODUCTION OF THIS CASE

Petitioner William Chaney, was charged with killing a person by the ROBERT HUCKHALL ,on April 17-18,1989,after engaging into a argument over drugs saling in a comman area,flirting with the same girl.

On April 17-18,1989, Collen and  Mr. Huckhall  left the location of William channey,inorder to search for a gun at four different location with intent to return to his location and kill him,or threaten with usage of a obtained gun at his last seen location.(RT 1038-1208.

When Colleen and  Mr. Huckhall  ,arrived at the location of William Channey,they entered the back gate of the house location 1823 Fairview in Berkeley California.  With a gun in his hand,he entered into the back yard looking for William Chaney,in an angry manner.(see RT 1035-1042)   Robert Huckhall/S.Bender ,had obtained a shotgun.(RT-1215-1217)

As Collen and R.Huckhall/S.Be ,walk to the backend of the house entrance,she and Huckhall/Bender was met by Tone.  .William Chaney came up from behind them both,followed by Alle Rolins.  There was arguing and gun shots,only after shot firing did Chaney raised and firer his gun.(RT-1051-1059).

R.Hackhall decease victim last werd was Tone,man why did you shoot me.(RT-1053,1244-47)

There was no bullet directly lenking to William Channey gun as causing death of  Robert Huckhall .  The coner report the victim die from only one single gun shot wound to  R.Huckhall  chest,both William Chaney and Phillip Senegal, was charged with count one with murdering  R.Huckhall  ,count two attempted murder of  Sidney Bender  , in violation of penal code 664/187,187,with usage of weapon in violation of penal code  12022,subd.(a)),and personally used a firearm

$\frac{re}{8}$ 13

inviolation of 12022.5,and the William Chaney inflicted great bodily
injury to the victim.(section 1203-075)

The information also alleged that William Chaney was on probation
for a prior felony conviction.(Ct 438-440)

William Chaney entered not guilty pleas and denied the special
allegation at arraignment on November 8,1989.

Phillip Senegal was identically charged in information no. 99972,
except that no great bodily injury allegation appended to count two.

On the district attorney's application,the court on January 04,1990
ordered his case consolidated with William Chaney for trial.

Trial was by jury and began on september 18,1990 and testimony began
the following day.(RT7;836) The taking of evidences concluded on
October 18,1990 and the jury retired for deliberations on October 22,
1990.(RT 870,872)(RT 16,2040).

On October 25,1990,the jury found William Chaney and Co-defendant
guilty of first degree murder in count one and attempted first degree
murder in count two.  In relation to William Chaney,the jury found true
the great bodily injury allegation on count one and hung on that
allegation on count two.(CT 3,974-979))(RT 17;2054-2055)  The later
allegation was dismissed at the prosecutor's request on the day of
sentencing.(RT 18;2113).

The jury hung on the special allegation in relation to co-defendant
Senegal,and they was later dismissed.

On January 11,1991,William Chaney was sentence to state prison for
the upper term of 9-years on count two plus a 2-years enhancement for
personal use,then consecutively to 1/3 the middle term of 2-years
on case number 86020 (8-months),for a determinate term of 11-years,
8-months.  The court then sentenced William Channey consecutively to

$\phi$ 14

the indeterminate term of 25 years to life on count one.

The arming and personal use enhancements on count one were stayed pursuant to section 654.(CT, 3 992)(RT-18 2133-2135).

On January 15,1991,William Chaney filed a timely appeal notice but was shortly thereafter denied.

Earlier on the same day,Senegal was convicted under the theory he shot and killed the victim,and attempted to kill the second victim, thereby prescribing 9 years for attempted murder and consecutively imposed a 25 years to life sentence for first degree murder.(RT 18; 2108-2109).

This court was able to accomplish separate conviction for consecutive term of 9 years to run consecutive to two 25 years to life,on William Chaney and Senegal,using different theory of the person causing death or murder or being the direct cause of shooting the victim with a single bullet.   Custody status has been maintain yearly solely base on this evidences,prohibiting eligibility for activities and parole.

### The court has jurisdiction

This Court has jurisdiction over the subject matter herein as is prescribed under the California Peal Code sections 1238(a)(10) and 1473.6,for correction of sentence.   The court also have jurisdiction over a conviction sentence that must be void when it has been proven to be a act not inviolation of any statutes.   The court has the the jurisdiction to void a incorrect sentence,while enpowering enforc -ement of correct application.(see Barren vs U.S.,(1979) 152F3d. 1153, at 1158-59),FRCrim. P 8 35)(Elliolt 106 S.CT.3220,3226)

This court also has the authority to correct and empower regulatory procedure not properly being enforce for custody level uniformity.

工

PETITIONER 14th AMENDMENT RIGHT WAS DENIED ACCORDING
TO WOLF VS MC DONNELL,(1974) 418 U.S. 539,,WHEN CUSTODY STATUS
PROHIBIT WILLIAM CHANEY FROM RECEIVING CUSTODY STATUS POINTS
BELOW THAN 28.

The petitioner Williams Chaney has an United states constitutional right under the
14th AMENDMENT to regulation,procedure,rules processing for custody status to be
performed for the purpose of eligibility for activity within the Department of Corrections
and Rehab. facility..  This right is being denied by the following:
1. The institutional facility are relying on fraudulent conveyance that a criminal
element committed can be determine as an second degree homicide offense,even · when
the court has now stated that an offense  committed during an heat of passion or
quarrel,manslaughter is the highest degree of homicide that can be render.

On Feb  21,2006,William chaney went before the Folsom  State prison Classification
committee,during the hearing the counsel, presented a prior probation report record
as evidence and means to make the determination of his custody status in Folsom
State prison would be elevated from 19 to 28 points,solely base an Department of
Correction Code of Regulation division III,title 15,section 3375,subd. 2,(7),which
provides:CDCR § 3375.2.(7) Counselor ‹ for a prisoner doing life sentence term
in which involved multiple murder,unusuaul violence,or execution type murder or
received high degree notoriety empower the Department of Corrections and Rehab.
prisoner cusrody credits to be no lower than 28 points.(see exhibit B).

Williams Chaney,contends his current offense is not an execution type murder,do
not reflect or involved multiple victims,is not an unusual violence and is not
an execution type murder.   The case was not an highly notoriety public case.

Therefore the prison committee place William Chaney at custody level not permitted
by regulation standards,denied his right to a fundamental trial for the court or
the jury to make the determination of the case being committed as now being allege
with an filed CDCR disciplinary report.

Even if the petitioner went before the board the CDCR standard cited  Division
II,section 2402(c) would not permit the Institutional facility cause for raising
the petitioner point score higher than 19,solely base on insufficient evidence. ·  -

16

. (see People v Superior Court (Engert,31 Cal.3d. at p. 802.

Miscarriage of justice within a California Department of Correction proceeding can be deem occurred with such evidence(s{ relied upon known to be a police report is being use to allege facts not proven during trial proceeding and has been conclude solely base on a Corrections Official attempting to display counselor duties without skills,education back ground and fulfillment hours as require to conduct counselor duties and obligation. Most position are create by the Department of Corrections and rehabilitation facility. Which is the cause of error by taking an police report and using the arrest information as fact to make an determination of the court case and conviction..

When this error accurs the petitioner,or prisoner has an right to ask the court to intervene in the abuse of the decision making and practice displayed in the Department of Corrections Facility.

More clearly the action in using an police report as evidences do infact violate 14th Amendment right to the United states constitutional .laws,and the United States Supreme Court precendent casslaw standard set by Wolf v Mc Donnell,(1979) 418 U.S.539,41 L.ED2d.935 94 S.CT 2963)(Safely v Turner482 U.S.78,96 Led.2d 64 107 S.CT 2254).

In these said case the court established that facts must be proven for the punishment of establish punishment,procedural function and judgment.

The Petitioner William Chaney is correct to request from the court for modification of his custody point score from 28 back to 19,when the sole reason for the elevation was base on an Folsom state prison Corrections Official or Corrections Official/Counselor looking to an police report inorder to justify alleging the crime was committed in a violent,or express maner in which his sentence and conviction qualify ûnder the definition of CDC Code of regulation section title 15 section 3375.2(a)(7).(see exhibit A)

*6 17*

(see People Superior Court(Engert) supra. 31 Cal 3d. at p. 802).

The application is unreasonable,interpretation under title 15,section 3375.2(7).

Petitioner prays that this order the Department of Corrections and Rehab. to reinstate william Chaney custody points status back to the level of 19.(see exhibit D,page 3)( 1041-1042)(RT 1210).

The petitioner right are treated indifferent when a counselor can use an police report as truthful facts to allege William Chaney current conviction meet the standard of code of regulation title 15,section 3375 et seg.,but under the standard of norms,these fact do not satisfy the required element for the regulation section to be applicable.

The lower court error by not correcting this illegal practice committed by counselor at Folsom state prison,and thereby continue to violate the petitiioner due process right and liberty interest right cited by the 14 th amendment to the United states Constitutional in regard to no suffer punishment beyond regulation provision or procedural maximum application..

I submit with asking the court to modify the current custody point score from 28 to 19,so that William Chaney would be an qualifier for benefit at this score level that would not be possible if this court permit the illegal and unconstitutional practice to be maintained.

II

PETITIONER WAS DENIED HIS SIXTH AND
FOURTEENTH AMENDMENT RIGHTS BY EXPOSURE
TO AN ILLEGAL SENTENCE

The standard for review:

The standard for review are set by the case laws cited:
STRICKLAND VS WASHINGTON,(1968) 466 U.S. 668;

Mr. William Chaney,was subject to ineffective assistance of trial
conduct by being exposed to California jury instruction 2.90 in 1989
in which had an moral certainty application determine to be a violation
of right to an fundamental fair trial,(2) permitted his client to
convicted under a different theory of murder ,when his co-defendant
was also tried and convicted of murder and attempted murder and a
sentence prescribed 9 years,plus 25 years to life for a single shot
to the victim chest and causing death,or attempted murder element
by alleging sentence facts under different theory,or same facts.

Strickland vs Washington,466 U.S. 668,along with People vs Ledesma,
43 . Cal.3d.171  )(support that the objective standard,which imposes
duty upon defense attorney,to make all significant decision in the
exercise of reasonable professional judgment. An attorney fails this
duty if he acts or fails to act without the benefit of reasonable
investigation into the facts or as  a result of ignorance,or a mis-
understanding of the relevant controlling laws at the time.

Strickland vs Washington,(1968) 466 U.S. 668),at 693-694)teaches
that a habeas corpus petition need only demonstrate the existence that
but for counselor's unprofessional error,the result of the proceedings
would have been differrent.

13
18 19

The case law People vs Tallo,(1985) 166 Cal. App.3d. 1216,212 CR
909,teaches that the right to counsel is denied if counselor makes a
critical tactical decision which would not have been made by an
ordinary diligent prudent lawyer in a criminal case,and if petitioner
can established where counselor acts and ommissions has resulted in
the withdrawal of a potiential meritorous defense,and where the record
shows that counselor failed to research the law,or investigate the
facts in a manner of a diligent conscientious advocate,such conviction
shall be reversed.

RESONABLE PROBABILITY:

If counselor had sumitted a timely evans in light of all discovery
and fact receive,especially surrounding the different theory sentence
theory of sentence conviction by alleging that William Chaney,committed
acts of murdering the first viction by shooting him with a single
bullet to the chest and causing death,and then shooting at another
in a attempt. to cause death with usage of a single gun,and then
alleged the same conviction sentence imposing 9 years,plus 25 years
to life by alleging that a co-defendant committed the acts alleged
upon William Chaney. Had counselor objected this would have cause
the court to conduct a evidentiary hearing,or able the defendant/
petitioner to putforth a legal defense for which he would,without
doubt,resolved the issue of defferent theory in committing murder
upon a single person,and therefore the out come would have been
different.  As a result of counselor failing,petitioner and co-defendant
was both convicted ef committed a attempted murder and murder act
on the same victim under two different theory.  One theory William
Chaney killed and attempted to kill two persons.  The second theory
was Phillip Senegal killed and attempted to kill two persons listed
here in.

$\aleph$
$+\aleph$ 20

Wherefore William Chaney confinement,as a result of judgment in the instant case is both illegal and unconstitutional on the grounds that he was deprived of effective assistance of counsel within the meaning of the 6th Amendment of the United States Constitutional article 1,and section 15,of the California Constitutional law.

William Chaney was convicted of murder beyond the last word of the decease,in which stated that Tone shot me.(see RT 1053,1244-47)

        WILLIAM CHANEY CONSTITUTIONAL RIGHT UNDER
        THE FOURTEENTH AMENDMENT WAS DENIED BY JURY
        INSTRUCTION MORAL CERTIANTY.

The standard for review are set by Victor vs Nebraska,511 U.S. 1 U.S. vs Borron 172 F3d. 1156)(Stripongs v Calderon,35 F3d 1308,1317 California

On January 11,1991,Alameda Superior Court sentence and convicted William Chaney by using a jury instruct in error,when the court alleged in its jury instruction 2.90,William Chaney could be convicted on a moral certianty factor in committing the murder of the victim.

This jury instruction was submitted in error and cause prejudicial harm. (see Cal. Jic Instruction section 2.90, Evidence C. § 240)

Durning jury instruction the trial court instructed the jury regarding reasonable doubt as following, IT IS NOT A MERE POSSIBLE DOUBT,BECAUSE EVERYTHING RELATING TO HUMAN AFFAIRS,AND DEPENDING ON MORAL EVIDENCE IS OPEN TO SOME POSSIBLE,OR IMAGINARY DOUBT. It is the state of the case which,which,after the entire comparison and consideration of all the evidence,leaves the minds of the juror in that condition that they cannot say they feel an abiding conviction to a moral certianty of the truth of the charge.(People v Blakely 6 C4th 1019)

This version,base on the language from commonwealth vs Webster 1850 59 Mass 5 Cush 295,had come under criticiam for the inclusion of the

21

phrases MORAL CERTIANTY AND MORAL EVIDENCES.  This version was challenge
in the United State Supreme Court where the instructions against a
claim of denial of due process in violation of the United States
Constitutional 14th Amendment and under article 1,section 15,of the
California Constitutional,or under the United States Supreme Court
where the instructions against a claim of denial of due process was
ultimately upheld.  Victor vs Nebraska,(1994) 511 U.S. 1,

   Thereafter,the California Supreme Court in People vs Freeman 8 Cal.
4th 450)(suggested the modification thereof,leading to the current
language in California Jury Instruction 2.90,(ELEMINATING THE TWO
PHRASES MORAL CERTIANTY AND MORAL EVIDENCE.

   Petitioner humbly submit that in the wake of this cited ruling
California sentence scheme and jury instruction violated petitioner
6th and 14th Amendment when the jury instruct was submitted to the
jury in the case number Ao52409,drafted in error.  The elimination
do infer that the jury instruct was wrong to be consider and had to be
fix.  The reason for the elimination of these two phrases was committed
but not before Mr. William Chaney had suffered denial of due process.

   The California Supreme Court made it very clear,these two phrases
need eliminating,and therefore should not have been used in any case
prior to curring the defect in 2.90 jury instruction.

   Wherefore as they were used in the jury instruction in the instant
case ET;2050-2057   )

   Petitioner,like in people vs Kual Ortiz Maleve cited as daily Journal
DAR 12318,whose relief granted in that Malave was entitle to a new
trial by jury.

   Petitioner move this Honorable court for similar relief.  To be
remanded back to the lower court for a new trial with proper jury
instruction.

IV

CALIFORNIA SENTENCE SCHEME VIOLATED WILLIAM CHANEY
SIXTH AMENDMENT RIGHT BY FINDING HIM GUILTY OF A
CRIMINAL ELEMENT BEYOND THE COMMITTED ACT WITH INTENTED
STATE OF MIND IN THE TAKING OF LIFE

The standard fer review are set by case law: People v Blakely,
(1997) 64 CR2d. at 44)(People v Lasko,(2000)96 CR2d. 441)(Mullaney
vs Wilbur,(1975) 421 U.S. 684,703-04).

The requirement for first degree murder is a deliberate intent to
kill,or premeditation,or death was accomplished by malice aforethought.

Reducing intentional homicide to involuntary manslaughter,the first
step is to object to California Penal code section 192 standards.

If as in this case death was a factor that stems with a continue
act of both the victim and William Chaney making threats to each
other.  This would only satisfy as a common dilect between drugs
dealers in hope to intimidate the other from making a profit in a
known well profit area.  The court would have to look to the action
of what did occurred on the date of the victim death.

The victim R Huckhall _____ engage in a known argument with William
Channey,because of refusing to stop saling drugs in a know profitable
area on a street corner.  The victime left with Colleen to get a
gun and had to make four separate stops at friends location for his
weapon of choice,SHOT GUN.  The Victim return to a place where he knew
William Chaney was last seen at 1823 Fairview,in Berkeley California.

The victim entered in the side entrance of the backyard with a loaded
shot gun,only to be met by a person not seen by the name of TONE.

William Chaney came up from behind the victim,and only pull out a
gun after seeing the victim with a gun in his hand.  Word was exchange
and argument continue,and suddently gun shot range out.  William
Channey got off 5-shots,Tone firer his weapon,and unknown party accross
the street was seen firering his weapon in the direction of the Victim.

23

. The victim was hit once in the chest by a unknown bullet,never
discovered.

If William Chaney had a intent to Kill the Victim that would have
been accomplished by shooting the victim in the back as he approach.

Killing the victim was not the petitioner intention,nor do the
evidence(s) give suggestion to the jury ruling.    The court was
obligate to prove intent to kill was the direct cause of causing
the taking of life.(People vs Cain,(1995) 10 Cal.4th 1,30 40 CR2d. 481.

What evidence the court did hear was a ongoing quarrel between
the victim and William Chaney,and life was only taken after unknown
gun firing erupted. The victim last words was Tone shot me,not William
chaney.(see RT.  1053,1244-47).

Therefore the current conviction for first of second degree murder is
not true and being fraudulent conveyed,and must be reversed.
✗.    THE COURT MISCONDUCT VIOLATED MR CHANEY RIGHTS TO DUE PROCESS
     AND A FAIR TRIAL BY BEING SENTENCE TO 9 YEARS,PLUS 25 YEARS
     TO LIFE PRISON TERM UNDER TWO DIFFERENT THEORY
     (Inviolation of his 14th Amendment Rights)

### The standard for review

The Caselaw standard for review are set by:Lisenba vs California,(1941)
314 U.S. 219,62 S.CT. 280,86 L.Ed. 166

Any claim not bring this issue before the court must stem from the
petitioner not receiving any legal assistance by the Department of
Corrections as is require under the Division 3,Article 6,section 3160
of the title 15 provision,or failure of the trial attorney to raise
the issue during trial proceeding,in violation of petitioner 6th
Amendment right to the United States Constitutional Law.

The overwhelming performance and prejudice of the ineffective
assistance of counsel must be measure against the test of Strickland
vs Washington,(1968) 466 U.S. 668,at 698)(104 S.CT. at 2070,in that

trial counsel provided inadequate assistance and exercise no reasonable professional judgment in representing him ,when permitting the court to convict him under different theory of murder without objection,or failed to discovered the aggravate element for a legal defense.(see Clabourne vs Lewis,64 F3d. 1373,1378)(9th cir. 1995)

In this case the prosecutor may not become the architector of a proceeding that does not comport with the standard of justice.

The prosecutor violates the due process clause if he knowingly present false testimony or the court falsely convict a defendant on the falsely allegation,whether it goes to the merits of the case or solely to a witness credibility.(see Naput vs Illineis,360 U.S. 264)( 1959). The prosecutor has an obligation and duty to correct evidence he know to be false.

Now the question is what did the court and prosecutor know to be false,and the answer is that they was convicting William Chaney and Phillip Senegal for a single act of murder and attempted murder under different theories as following:

On October 25,1990,the jury found William Chaney and co-defendant Senegal guilty of first degree murder in count one and attempted first degree murder in count two. In relation to William Chaney the jury found true the arming and personal use special allegation found not true the great bodily injury allegation on count one and hung on that allegation on count two.(CT 3; 974-979;RT; 17 2054 2055,2065)( The latter allegation was dismissed at the prosecutor request on the day of sentencing.(RT; 18;2113

On January 11,1991,William Chaney was sentenced to state prison for the upper term of 9 years on count two,plus a 2-years enhancement for the personal use,then consecutively to 1/3,the middle term of 2-years on case number 86020,(8-months) for a determinate term of 11 years,8 months. The court then sentenced William Chaney consecutively to the indetermine term of 25 years to life on count one. The arming and personal use enhancements on count one were stayed pursuant to section 654,(CT 3;992;RT. 18;2133-2135)

Earlier on the same day,Phillip Senegal was sentenced to the state prison for the upper term of 9 years for attempted murder and consecutively to 25 years to life for first degree murder.(CT.3, 994;RT; 18 2108-2109)

The different theory of attempted murder and murder under count one was acheived after the prosecutor was aware of the following fact given by Mis Colleen as following:

Colleen testified that after going with the killed victim to get a gun they both return to William Chaney last location and entered into the side gate where they was met by a known party by the name of TONE (see RT 1048,1222-1223,1229)(

She also testified that Tone,William Chaney,the victim and others in the area was known to having gun,prior to gun shots ranging out and everyone firering there possession gun.

Colleen testified that she did not see or witness William Chaney shoot the victim,but after the victim was shoot he stated only one person had shot him by the name of Tone.(see RT;1053.1244,1247)

The shot victim not only convey this information to who had shot him to Collen,but also to Devvie Brooks,Paramedics.(see RT 1245-1249, RT; 1051-1056,1241,1286)

The testimony given by Colleen and other witnesses,gave support to the court and the prosecutor violated Mr. Chaney due process right under the  United States Constitutional 14th Amendment whn convicting him under a different theory of committing murder or attempted murder as his co-defendant Phillip Senegal.

The Supreme Court has a long constitutional standing regarding with the justice of finding guilt.(see United States vs Agur,427 U.S. 97,112.  In particular,the due process clause guarantees for every petitioner/defendant the right to a trial comports with basic tenets of fundamental fairness .(see Lassiler vs Dept. of Soc. service,452 U.S. 18,24-25)(1981)(Turner vs Louisiana,379 U.S. 466).

The state,prosecutor prosecuted William Chaney and Phillip Senegal for killing a victim with a single bullet to the chest,and sentence William Chaney to 9,years for attempted and 25 years to life for murder. On the theory that William Chaney had attempted to murder and killed the victim.is  not only contrary to Statement made Tone Shot Me.

The state,prosecutor prosecuted Phillip Senegal for killing the victim and attempting to kill,and sentence the second defendant under the

theory he had personally attempted to kill and killed the victims thereby imposing a sentence under the theory 9-years was for attempted to kill and 25 years to life was for murder. The evidence of the victim dying of one gun shot wound to the chest is contradicting that two defendant shot the victim. Especially when a third man was informed by the decease victim to having shot him in the chest by the name of Tone.

The prosecutor action advancing inconsistent theories and the court convicting both defendant under different theories of murder or attempted murder constituted a fundamental and egregious error that violated the due process clause.(see Drake 762 F2d. at 1470)

Under the pecular facts of this case the fundamental fairness essential to the concept of justice was violated.(see Lisenba V: California 314 U.S. 219,62 S.Ct. 280)(1941).

The court and prosecutor changed the theory of what happened to suit the state imposing two 9 years sentence for attempted murder and two 25 years to life sentence under consecutive term for prison.

The court was also wrong in charging William Chaney with muder,after the victim last words gave account to who had shot him.(RT;1053,1244, 1247).

A prison sentence of 25 years to life may not be allowed to stand when it was imposed in response to a factual claim that the state necessarily contradicted in subsequently argument for a sentence of 25 to life imprisonment in the case of the co-defendant. Therefore the prosecutor presentation of inconsistent theories violated William Chaney right to due process,because the due process clause prohibit a state from prosecuting and sentence defendant and co-defendant based on inconsistent theories.(see Teague vs Lane 489 U.S. at 310).

$$\cancel{} \\ 2227$$

The plain meaning of the California penal code statute must be comform too. A victim was shot with one bullet,but the State has sentence two defendants to a single act as having been committed by alleging first that William Chaney killed the victim and the sentence of 25 years to life should be imposed under penal code section 187/192,then the court simply alleged that Phillip Senegal killed the victim and the California penal code section 187/192 is correctly imposed. In the case of the other innocent party,having shot and killed the victim,can the error in denial of due process fofce a man to an illegal sentence of 25 years and possible life for the sole benefit of maintaining a lie that both defendant shot the victim in the chest with one bullet.

The principle of the state,it may not use knowingly use false evidence,including false testimony,to obtain a tainted conviction .

The testimony of the decease victim verified who shoot him in the chest,he personnally identified Tone as the shooter,so why would the court sentence William Chaney to a murder statutory language is beyond reason,or why would the said court use the first reason for murder statute against William Chaney and then use the same language statute against Phillip Senegal for a single act accurring on April 17-18, 1989,at 1823 Fairview,Berkely California.(RT 966,1087),I really do not understand. But the usage of such language is said to be a factor prohibited by the different theory clause cited herein.

Because the statement made on one party is known to be false,in this case the false information of William Chaney killing the victim is not true by the evidence submitted herein.

It also must be said that on mistake was made by the prosecutor in attempt to convict under different theories of murder element for a single act,but the state permitting the act without correcting

25
23

correcting judicial error created or cause by miscarriage of justice
(see Mesarosh v U.S.,352 U.S. 1,1 Led.2d1 1)(Alcorta vs Texas 355
U.S. 28,2 L.ad.2d .9)

The different theory of murder,fraudulent conveyance for the
purpose of imposing a illegal sentence and conviction under California
penal code  section 187,192(a) provisions.

Plus denied administrative eligibility status he would enjoyed
has he not been wrongully convicted under an illegal statutes cited
above.

The court error is plainly cited in the record,when the victim
identified Tone as his killer. The court exceeded beyond this known
fact,inorder to find a state of mind is established within intent
to kill with malice and aforethough when a fight,argument,quarrel
occurred,or when heat of passion evidence only give support to the
cause for the taking of an human life.

The error has not only effected Mr. William Chaney sentence and
conviction,but has also effect his yearly annaul status and eligibility
for custody activities benifits by not being permitted to have access
to any activities below a custody status of 19,or not being permitted
to having an early possible release date established than 25 years
to life period.

## CONCLUSION

Therefore the denial of statutory,constitutional or administrative regulation rights,rules,or provision,solely base on a fraudulent conveyance and illegal convictionaor sentence.

Or the court cannot seek punishment where the state and federal court citation do not permit such punishment.

or the court cannot maintain punishment where the caselaws cited here in has prohibited the said ruling.

The court must correct the status of judgment so the Department of Corrections can correct the status judgment and permit access to prison activities for early possible parole,

or obtainable activities available for prison status score are below 19 status.

The petitioner seek to having his case reverse and sentence modify to a prison term of 15 years,by placing the said case under the California penal code section 192(a) provision only as having been violated.

The petitioner also seek for ordering his custody status point to be lower then 19.

The current sentence exceed the maximum term of imprisonment by 10 to life,the correct prison term is 15 years or 9 years.

Date __2/16/.____ (2008)

William Chaney

30

# EXHIBIT A

**INMATE/PAROLEE
APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region    Log No.    Category

1. FSP    1. 06800377    (2) REQUEST
2. ____    2. ____    PS CORRECTED

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME W.CHANEY, William | NUMBER E82647 | ASSIGNMENT UNASSIGNED | UNIT/ROOM NUMBER B3/B4/30-up |
|---|---|---|---|

A. Describe Problem:    On Feb. 21,2006,I went before U.C.C. Unit Classification Committee during the hearing the committee informed W. Chaney,he would be maintain at level III Status with a scare of NO LESS than 28 points.(Note) before this date 2/21/2006,W.Chaney was a Level II Status prisoner.

The adverse decision is contrary to Title 15,section 3375.2(a)(7).

As is require under the Title 15,section 3375.2(a)(7) the committed offense has to be one that involved multiple murder,unusual violence,or execution type murder or received high notoriety inorder to maintain the high level

If you need more space, attach one additional sheet.

B. Action Requested:    I am requesting custody points to be returned back to 19 points,(2) reclassification,(3) Amended the classification decision under title 15,section 3375.2(a)(7) provision

Inmate/Parolee Signature: _William Chaney_    Date Submitted: 3/5/06

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

BYPASS

Staff Signature: _____    Date Returned to Inmate: _____

**D. FORMAL LEVEL**
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

BYPASS

Signature: _____    FSP APPEALS

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

MAY 1 5 2006

FSP APPEALS
Date Submitted: _____
MAR 17 2006 CDC Appeal Number: _____

First Level    □ Granted    □ P. Granted    ☒ Denied    □ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _3-17-06_    Due Date: _5-1-06_

Interviewed by: _CCII K.J. ANDERSON. Refer to attached response._

Staff Signature: _Anderson_    Title: _CCII_    Date Completed: _4-11-06_

Division Head Approved: Signature: _____    Title: _AWP_    Returned Date to Inmate: _4-12-06_

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

Not satisfy with with the response, on the stated reasons, (1) K.J. Anderson was setting on the committee board when the determination in elevating points level from 19 up to 28, in which is current being contested.  (2) No state official can be permitted to answer a subject being appeal stemming from a board decision K.J. Anderson assisted in making. I am requesting for this matter be exhausted.

Signature: _William Chaney_    Date Submitted: _4/21/06_

Second Level    □ Granted    □ P. Granted    ☒ Denied    □ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _5-15-06_    Due Date: _6-13-06_

□ See Attached Letter

Signature: _____    Date Completed: _6-13-06_

KARIM E. MOUJAIM, AWO
Warden/Superintendent Signature: _M. C. KRAMER, WARDEN_    Date Returned to Inmate: _JUNE 300_

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

The information filed in response to appeal dated June 13, 2006, is not acceptabl. base on the legal principle of evidences determined in trial is contrary to the information use to maintain high level of custody points.  The aggravating factor to staff maintaining high level of points, is the subject matter a review of the issues listed herein was established CCII Anderson setting on the committee board, and then acting as an reviewing official over the board decision he made, thereby deny right to an unbias review hearing. Not satify with the result, request that points be place at 20-19.

Signature: _____    Date Submitted: _July 09, 2006_

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: □ Granted    □ P. Granted    ☒ Denied    □ Other
☒ See Attached Letter

Date: _OCT 0 3 2006_

CDC 602 (12/87)

# EXHIBIT B

**NO: E82647**    **NAME: CHANEY**    **MEPD:** 1/15/13  **PS:** (28)  **NR:** 2/07    CDC-128-G (Rev. 8/00)

**Custody:** MED A  **WG:** A2  **PG:** B Effective: 2/3/05  **Assignment:** U/A

**COMMITTEE ACTION: ANNUAL REVIEW →**  REDUCE CUSTODY TO MED A.  REF CSR RX "C" CODE LIFE INMATE, RETAIN FSP III. REF ICC RX LIFER GPC. NGPC-LIFER.

S appeared before the Unit Classification Committee this date for Annual Review. S acknowledged receipt of a CDC-128 B1 and receiving the appropriate 72-hour notice prior to appearing before this committee. General case factors reviewed are contained on Initial Classification Chrono dated 7/7/04 located in the Classification Section of the Central File.

**Case factor changes:** S is 41 years old with a PS that was elevated to 28 as a result of a Mandatory Minimum Score.  S received a DIV F RVR on 1/26/05. See CCR 3375.2(7) below for details on a Mandatory Minimum Score of 28.

**DOUBLE/SINGLE CELL REVIEW:** Double cell housing remains appropriate.

**INMATE'S PARTICIPATION:** S participated in committee. S requested to transfer to an institution closer to his family. Based on S's transfer denial, he requested a GPC to further enhance his parole possibilities via vocational assignment(s). S stated he disagreed with the proposed committee action.

**COMMENTS:** S is eligible for custody reduction on 3/11/06, however based on S's positive programming Committee elects to reduce custody to MED A and retain FSP III. S is currently unassigned on the SS W/L. S received 1 six month period(s) of disciplinary free behavior and 0 six month period(s) of positive work credit. Committee denies S's request for transfer based on S being appropriately housed at FSP III, consistent with current transfer restrictions. Committee acts to refer to CSR RX "C" Code Life Inmate, retain FSP III. Reduce custody to MED A and refer to ICC for Lifer GPC consideration. CDC forms 127, 812, and 840 have been updated. S was advised of his right to appeal this committee action. **CONF INFO:** NONE; **Next Reclass:** Annual Review 2/07. **FPTTP:** N/A. **Next BPT Hearing:** IPCH, 11/2011. **S does not meet life term criteria for Level II housing per CCR #3375.2 (7).** CCR Section 3000, defines Execution Type Murder in part as, "...the manner of death demonstrates that the victim had no opportunity to defend himself or herself nor to flee." Per the review of offense circumstances of the crime, S and four crime partners were in the backyard laying in wait for victim to return, with the intent to murder the victim as he entered the backyard. When they heard the vehicle brakes, all five subjects hid in the yard. Even though the victim held a shotgun when entering the backyard, he never was able to fire a single shot. Their positions were such that anyone entering the backyard through the side gate would be in a crossfire from S's and crime partners' positions.

*Updated 3-27-06*
*Case factors remain same*

**CONCUR:** K. J. ANDERSON, F. C. (A) (Chairperson)    W. WILKINSON, CC I (Recorder)
D. W. NELSON, CC I
K. J. ANDERSON, F. C. (A) (Chairperson)

**cc:** CSR, Inmate, ICC
**DATE** 2/21/06    **Classification UCC-III**    **Inst.: FSP**

---

State of California

Department of Corrections
CDC 128-G

**No.** E-82647    NAME: CHENEY

*Comment:* **FSP-III retention endorsed. CS = 28.**

LIFE Prisoner Status is noted. Next BPT hearing currently scheduled for 11/2011. TB Code is 22. CDC 812 is clear. Confidential file is clear. Mandatory minimum of 28 is appropriate for reasons explained in UCC 128-G dated 2/21/06, and due to the fact that there were multiple victims one murdered, and an attempted murder of another.

D Selvy, CSR

**Date: 3/29/2006**    **Classification - CSR ACTION**    **FSP**

# EXHIBIT  C

State of California

Department of Corrections and Rehabilitation
Folsom State Prison

# Memorandum

Date    :    April 11, 2006

To      :    **CHANEY, E82647**
             **Folsom State Prison**

From    :    **Folsom State Prison, P. O. Box 71, Represa, CA 95671-5071**

Subject :    **FIRST LEVEL APPEAL RESPONSE**
             **LOG NO:      FSP-O-06-00377**

ISSUE: In you appeal, you are requesting that the Mandatory Minimum Placement Score of 28 (C-code), assessed by the Unit III Unit Classification Committee (UCC) on February 21, 2006, be returned to your previous Mandatory Minimum Placement Score of 19 (F-code).

INTERVIEWED BY: The appellant was provided with a face-to-face interview on April 11, 2006. Folsom State Prison (FSP) Correctional Counselor II K. J. Anderson investigated the appeal at the first level. During this interview, you reiterated your request that the Mandatory Minimum Placement Score of 28 (C-code) assessed, by Unit III UCC on February 21, 2006, be returned to your previous Mandatory Minimum Placement Score of 19 (F-code). You claim that you have been housed at a level II prison for quite some time, and do not understand why it is no longer appropriate. You contend that that UCC relied only on testimony from the victim who was a drug addict and the circumstances of the crime are incorrect because your actions in the case were in self-defense.

INVESTIGATION:    Unit III UCC conducted an Annual Review for inmate Chaney on February 21, 2006. As part of the review, UCC reviewed his eligibility for level II housing, per California Code of Regulations (CCR) Section 3375.2(7), based on his Commitment offense of Murder 1st and Attempted Murder 2nd. CCR Section 3375.2(7) states that an inmate serving any life term shall not be housed in a Level I or II facility if any of the following case factors are present: (A) The commitment offense involved multiple murders, unusual violence or execution-type murders or received high notoriety. UCC clearly articulated that inmate Chaney's case factors included elements of an execution type murder. CCR Section 3000 defines *Execution Type Murder* in part as... "describing the circumstances or manner of death demonstrates that the victim had no opportunity to defend himself nor to flee." Inmate Chaney and his co-defendants heard the victims arrive at the victim's residence, hid in the backyard of the residence, assumed potions that allowed for the victims to be caught in a cross-fire upon entering the backyard, and opened fired on the victims as soon as they entered the backyard. While one of the victims was carrying as shotgun, he was unable to discharge the weapon before the assailants lying in wait fired him upon, which seems to contradicted inmate Chaney's claim that he killed the victim in self-defense.

The case was referred to the Classification Services Representative (CSR) for review and approval. The CSR reviewed the case on March 29, 2006, noting that the Mandatory Minimum Placement Score of 28 was appropriate based on the circumstances outlined by the UCC CDC-128G dated February 21, 2006, and due to the fact that there were multiple victims-one murdered, and an attempted murder of another. Copies CDC-128Gs for the February 21, 2006 UCC and the March 29, 2006 CSR decisions are attached for reference.

DECISION: Due to the above information, this appeal is denied. The appellant is advised that this issue may be submitted for second level review.

K. J. ANDERSON
Correctional Counselor II
Unit III

# EXHIBIT D

State of California                                      Department of Corrections and Rehabilitation

# **Memorandum**

Date:    June 13, 2006

To:      Chaney, E-82647
         Folsom State Prison

Subject: SECOND LEVEL APPEAL RESPONSE
            LOG NO.:    FSP 06-00377

### ISSUE:

You are appealing and alleging that the Folsom State Prison (FSP) Unit Classification
Committee (UCC) was negligent in the decisions made on February 21, 2006, during
your Annual Review. You allege that UCC informed you that you would be retained at
FSP III based on a minimum placement score requirement of 28 points. You claim the
adverse decision is contrary to the **California Code of Regulations (CCR) 3375.2 (a)(7)**
which state s in part: the committed offense has to be one that involves multiple murder,
unusual violence or execution type murder or received high notoriety…..
You claim the committee only considered the information that the decedent was shot after
returning to your location, after a prior argument. You claim that the decedent returned
with a loaded shot gun with the intent to kill you or cause great bodily harm. Your
contention is that you saved your own life by firing upon the decedent first. You claim
that the court reports do not give support to the committee action. You maintain that a
placement score (PS) of 19 remains appropriate for you.      When filing your
Inmate/Parolee Appeal Form (CDC 602) at the second level review, you state that it was
inappropriate for CCII Anderson to respond to your appeal at the first level of review
because he was involved in the UCC action that you are appealing. You state that Mr.
Anderson was knowingly prohibited from reviewing your appeal.

The appellant requests upon appeal to appear before UCC; for his PS to be returned to 19
points and at the second level of review appellant requests an internal investigation and
that his appeal be filed as a citizen's complaint.

INTERVIEWED BY:    Appellant was provided with a face-to-face interview with
Correctional Counselor II (CCII) K. J. Anderson and the appeal was investigated at the
second level by FSP Appeals Coordinator T. L. Hudson.

REGULATIONS: The rules governing this issue are:

**California Code of Regulations, Title 15, Section (CCR) 3270.
General Policy.**
      The primary objectives of the correctional institutions are to
protect the public by safely keeping person committed to the custody of
the Director of Corrections, and to afford such persons with every
reasonable opportunity and encouragement to participate in rehabilitative
activities. Consistent effort will be made to insure the security of the

CHANEY, E-82647
CASE NO. 06-00377
PAGE 2

institution and the effectiveness of the treatment programs within the framework of security and safety. Each employee must be trained to understand how physical facilities, degree of custody classification, personnel, and operative procedure affect the maintenance of inmate custody and security. The requirement of custodial security and of staff, inmate and public safety must take precedence over all other considerations in the operation of all the programs and activities of the institutions of the department.

## CCR 3272. Custody Classification.

The classification committee at each institution must assign a custodial classification to each inmate, in accordance with the custodial classifications prescribed by the department. The senior custodial officer on duty may temporarily increase the custodial classification of an inmate at any time he or she believes such action is necessary to protect the security and good order of the institution. Such action is subject to classification committee review at the next regular meeting. Any reduction of an inmate's custody classification must be by classification committee action.

## CCR 3375. Classification Process.

(a) The classification process shall be uniformly applied, commencing upon reception of a person committed to the custody of the director and shall continue throughout the time the individual remains under the director's jurisdiction. Each inmate shall be individually classified in accordance with this article.

(b) The classification process shall take into consideration the inmate's needs, interests and desires, his/her behavior and placement score in keeping with the department and institution's/facility's program and security missions and public safety.

(c) Each determination affecting an inmate's placement within a institution/facility, transfer between facilities, program participation, privilege groups, or custody designation shall be made by a classification committee composed of staff knowledgeable in the classification process.

(d) The classification of felon inmates shall include the classification score system as established. A lower placement score indicates lesser security control needs and a higher placement score indicates greater security control needs.

(e) When possible, the inmate shall be given sufficient advance written notice of any classification committee hearing to provide the inmate reasonable preparation time to discuss the matter to be considered. An inmate appearing before a classification committee shall be informed of the inmate's next classification committee hearing date when it is known or can be anticipated.

(B) Any six-month period when favorable points are granted or unfavorable points are assessed which would cause the inmate's placement score to fall outside of the facility security level.

(C) Each time a case is presented to a CSR for placement consideration.

## CCR 3375.2. Administrative Determinants.

(a) An inmate meeting one or more of the following administrative or irregular placement conditions, known as administrative determinants, may be housed in a facility with a security level which is not consistent with the inmate's placement score:

(7) An inmate serving any life term shall not be housed in a Level I or II facility if any of the following case factors are present:

(A) The commitment offense involved multiple murders, unusual violence or execution-type murders or received high notoriety.

(b) The following three-letter codes are used to indicate those administrative or irregular placement conditions known as administrative determinants which may be imposed by departmental officials to override the placement of an inmate at a facility according to his/her placement score.

(14) LIF. Inmate is serving a life sentence and requires placement in a facility with a security level higher than that indicated by his/her placement score.

(25) VIO. Inmate has a current or prior conviction for a violent felony, including, but not limited to, those listed under Penal Code Section 667.5(c), which, as determined by the CSR, requires placement in a facility with a higher security level than that indicated by his/her placement score.

**CCR 3375.3.    CDC Classification Score Sheet, CDC Form 839, Calculation.**

(d) Mandatory Minimum Score, Score Factors, and Score Factor Codes (Boxes 68-70):

(1) A mandatory minimum score is a score that is applied to an inmate who has a case factor that requires that he/she be housed no lower than a specific security level.

(2) A mandatory minimum score factor is a case factor that requires the application of a mandatory minimum score.

(3) A mandatory minimum score factor code is an alpha code associated with a mandatory minimum score factor.

(B) If one or more mandatory minimum score factors are present, determine which of the factors is associated with the highest score and enter that code in Box 68.

**CCR 3376. Classification Committees.**

(a) The following terms are defined for the purposes of this section:

(5) Institution means a large facility or complex of subfacilities with a secure (fenced or walled) perimeter headed by a warden.

(b) Each facility shall establish classification committees as provided herein. A quorum for any committee at a CAF shall be a minimum of two persons who shall be the chairperson and recorder. A quorum at all other facilities shall be a minimum of three persons who shall be the chairperson, recorder and any other member.

(c) Composition of committees:

(1) Initial and Unit Classification Committees shall consist of:

(A) Facility captain, correctional captain, or CAF/CCF manager (chairperson).

(B) Correctional counselor III, parole administrator I, parole agent III, or assistant CAF/CCF manager; or, for CAF/CCFs only, designated supervisory peace officer at the rank of correctional lieutenant, or above (alternate chairperson).

(C) Correctional counselor II, correctional counselor I, or parole agent II (recorder).

(D) Assignment lieutenant (initial classification), program lieutenant (unit classification), or CAF/CCF inmate assignment/program coordinator.

(E) Educational or vocational program representative.

(F) Other staff as required.

(2) Unit Classification Committees shall:

(A) Review each inmate's case at least annually to consider the accuracy of the inmate's classification score, custody designation, program, work and privilege group, and facility placement, including recommendation for transfer. A parole violator's first annual review may be delayed for up to five months so that it will coincide with classification score updates.

(B) Change in inmate's work/privilege group.

(C) Conduct post board classification on an inmate within 15 days of receipt of official notice of a Board of Prison Terms' decision regarding the inmate.

### CCR 3377. Facility Security Levels.

Each camp, facility, or area of a facility complex shall be designated at a security level based on its physical security and housing capability. Reception centers are not facilities of assignment and are exempt from the security level designations except for the assignment of permanent work crew inmates. The security levels are:

(a) Level I facilities and camps consist primarily of open dormitories with a low security perimeter.

(b) Level II facilities consist primarily of open dormitories with a secure perimeter, which may include armed coverage.

(c) Level III facilities primarily have a secure perimeter with armed coverage and housing units with cells adjacent to exterior walls.

(d) Level IV facilities have a secure perimeter with internal and external armed coverage and housing units described in section 3377(c), or cell block housing with cells non-adjacent to exterior walls.

### CCR 3377.1. Inmate Custody Designations.

(a) Designation of a degree of an inmate's custody shall be reasonably related to legitimate penological interests. The CDC uses the following inmate custody designations to establish where an inmate shall be housed and assigned, and the level of staff supervision required to ensure institutional security and public safety:

Maximum Custody

Close A Custody

Close B Custody

Medium A Custody

Medium B Custody

Minimum A Custody

Minimum B Custody

(6) Medium A Custody.

(A) Housing shall be in cells or dormitories within the facility security perimeter.

(B) Assignments and activities shall be within the facility security perimeter.

(C) Custody staff shall provide frequent and direct supervision.

CHANEY, E-82647
CASE NO. 06-00377
PAGE 5

A review of your departmental records indicate that you were received into the California Department of Corrections and Rehabilitation (CDCR) on January 22, 1991, from Alameda County subsequent to a conviction for Murder 1st, Attempted Murder 2nd and Resisting an Officer with Force and Violence. You received a sentence of 25 years to Life plus 11 years, 8 months. You were received at FSP on June 29, 2004, for Level III placement from Pleasant Valley State Prison as a non-adverse transfer.    On July 7, 2004, you appeared before Initial Classification Committee, who elected to release you to FSP General Population, set your custody at Close B, place you on the Support Services Work Waiting List and grant you WG/PG A-1/A effective March 3, 2003.

On February 21, 2006, you appeared before UCC for an Annual Review.    It was determined that you were eligible for a custody reduction and based on your positive programming Committee elected to reduce your custody to MED A, retaining you at FSP III. UCC explained that your committed offense involved an execution type murder and it was determined that you met the life term criteria set forth in **CCR 3375.2 (a)(7)** based on the circumstances in your instant offense. Your placement score was elevated from 19 to 28 points as a result of the Mandatory Minimum Score. In accordance with **CCR 3000. Definitions.** Execution Type Murder is defined as the circumstances or manner of a fatal offense in which the victim is bound, cuffed, gagged, blindfolded, or forced to assume a position from which the victim is unable to resist or flee; the victim is shot at close range; or the manner of death demonstrates that the victim had no opportunity to defend himself nor flee.

A thorough and extensive investigation was completed regarding the issues within your appeal. A review of your Central file (C-file) was conducted to include the Probation Officer's Report (POR), the circumstances regarding your offense, as well as the court documents. In your appeal you state that the decedent or victim after having had an argument with you returned to your location with a loaded shot gun and the intent to kill you or cause great bodily harm. The POR clearly indicates that the victim had not returned to your location but rather you and your accomplices had gone to the home of the victim's girlfriend and waited in her backyard for their return. Your contention is that you saved your own life by firing upon the decedent first. The POR states that when the victims arrived at the residence, they parked on the side street so they could enter the home from the back yard, avoiding a confrontation with you as they believed you might have been in the front yard. The POR delineates that when you heard them drive up, you and your accomplices hid in the back yard, positioning yourselves so that anyone entering the back yard through the side gate would be caught in the crossfire. When the victim entered the backyard through the side gate, he was shot to death and although he had a weapon, the reports indicate that he did not fire a shot. This act alone by definition would qualify as an execution type murder; as the circumstances or manner of death demonstrates that the victim had no opportunity to neither defend himself nor flee. The courts clearly did not view this act as self defense. Your claim that the court reports do not give support to the committee action is unfounded. Based on the above information you meet the criteria in accordance with **CCR 3375.2 (a) (7) Administrative Determinants.**

On March 29, 2006, your case was reviewed by the Classification Staff Representative (CSR) and you were endorsed for retention at FSP III and the CRS determined that the "Life Prisoner" status requiring the minimum placement score of 28 points was appropriate. If prior classification committees' inadvertently failed to recognize that you met the criteria for "Life Term", CDCR and FSP will always attempt to correct the error.

CHANEY, E-82647
CASE NO. 06-00377
PAGE 6

When filing your Inmate/Parolee Appeal Form (CDC 602) at the second level review, you claim that it was inappropriate for CCII Anderson to respond to your appeal at the first level of review because he was involved in the UCC action that you are appealing. Although CCII Anderson's review of your appeal may have been inappropriate, his response was clearly within departmental policy and the decision render is supported through the second level investigation. CCII Anderson is an experienced, knowledgeable and professional employee. A Category I investigation is not warranted as there is no evidence to suggest that CCII Anderson's conduct was unethical or irresponsible but rather a completion of his assigned duties.

DECISION: The appeal is denied.

The appellant is advised that this issue may be submitted for a Director's Level of Review if desired.

Matthew C. Kramer, Warden
Folsom State Prison

# EXHIBIT E

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

## DIRECTOR'S LEVEL APPEAL DECISION

Date:  OCT 0 3 2006

In re:    Chaney, E-82647
          Folsom State Prison
          P.O. Box 71
          Represa, CA 95671

          IAB Case No.: 0600621          Local Log No.: FSP 06-00377

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner P. D. Vera, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

**I    APPELLANT'S ARGUMENT:** It is the appellant's position that on February 21, 2006, he appeared before the Unit Classification Committee (UCC) and during the hearing the committee informed him that he would be retained at Level III status with a Point Score of no less than 28. The appellant contends that the adverse decision is contrary to the California Code of Regulations, Title 15, Section (CCR) 3375.2(a)(7). The committed offense has to be one that involved multiple murders, unusual violence, or execution type murder or high notoriety. He claims his offense was self defense as the victim entered the back yard with intent to kill him or cause great bodily injury. The reaction of the appellant was to prohibit his own life from being taken. The appellant states that the factual evidence in the court records do not give support to the committee decision in maintaining him at the Level III Point Sore of 28. The appellant requests custody points to be returned back to 19 and requests re-classification and for the committee to amend the classification decision under the CCR 3375.2(a)(7) provision.

**II   SECOND LEVEL'S DECISION:** The reviewer found that a review of the appellant's central file was conducted to include the Probation Officer's Report (POR), the circumstance regarding his offense, as well as his court documents. The appellant's contention is that he saved his own life by firing upon the decedent first. The POR states that when the victims arrived at the residence, they parked on a side street so they could enter they could enter the home from the backyard, avoiding a confrontation with the appellant as they believed he might have been in the front yard. The POR delineates that when the appellant heard the victims drive up, he and his accomplices hid in the backyard, positioning them so that anyone entering the backyard through the side gate would get caught in the crossfire. When the victim entered the back yard through the side gate, he was shot to death and although he had a weapon, the reports indicate that he did not fire a shot. The Second Level of Review (SLR) determined that this act alone by definition would qualify as an execution type murder; as circumstances or manner of death demonstrates that the victim had no opportunity to neither defend himself nor flee. The appellant's claim that the court reports do not give support to the committee action is unfounded. Based on the aforementioned information the appellant meets the criteria in accordance with the CCR 3375.2(a)(7). On March 29, 2006, the appellant's case was reviewed by the Classification Staff Representative (CSR) and he was endorsed for retention at Folsom State Prison (FSP) III. The CSR determined that the "Life Prisoner" status requiring the minimum placement score of 28 points was appropriate. If prior classification committee's inadvertently failed to recognize that the appellant met the criteria for "Life Term," CDCR and FSP will always attempt to correct the error. The appellant claimed that it was inappropriate for Correctional Counselor I (CC-I)l Anderson to respond to his appeal at the First Level of Review because he was involved in the UCC action that he is appealing. Although Correctional Counselor II (CC-II) Anderson's review of the appellant's appeal may have been inappropriate, his response was clearly within departmental policy and the decision rendered is supported through the SLR investigation. A category I investigation is not warranted as their is no evidence to suggest that CC-II Anderson's conduct was unethical or irresponsible but rather a completion of his assigned duties. The SLR denied the appeal.

CHANEY, E-82647
CASE NO. 0600621
PAGE 2

**III DIRECTOR'S LEVEL DECISION:** Appeal is denied.

**A. FINDINGS:** It is clear that the appellant's two convictions one for Murder 1st and Attempted Murder 2nd disqualify him for placement in a security level lower than Level III. The regulations do not distinguish between the different degrees of murder when considering the exclusionary factor of execution type murders. His classification score is appropriately minimized at 28 points.

**B. BASIS FOR THE DECISION:**
California Penal Code Section
CCR: 3000, 3001, 3270, 3375.2, 3375.3, 3376, 3377.2

**C. ORDER:** No changes or modifications are required by the institution.

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:    Warden, FSP
       Appeals Coordinator, FSP

# PROOF OF SERVICE BY MAIL

I, **WILLIAM CHANNEY**          , AM A RESIDENT OF FOLSOM STATE PRISON IN THE COUNTY OF SACRAMENTO, STATE OF CALIFORNIA: I AM OVER THE AGE OF 18 YEARS, AND I AM /AM NOT A PARTY TO THIS ACTION.

MY PRISON NUMBER IS:    *E-82647*

MY PRISON ADDRESS IS; P.O. BOX 950, Folsom, Ca. 95763

ON  **10/27/2006**          , 2006, I SERVED A COPY OF THE FOLLOWING DOCUMENT:

**WRIT OF HABEAS CORPUS PETITION**

**EXHIBIT A through e E**

ON THE FOLLOWING PARTIES BY PLACING THE DOCUMENTS IN A SEALED ENVELOPE WITH POSTAGE FULLY PAID, IN THE UNITED STATES MAIL, IN A DEPOSIT BOX SO PROVIDED AT FOLSOM STATE PRISON (MAILBOX RULE), FOLSOM, CALIFORNIA, ADDRESSED AS FOLLOWS:

**SACRAMENTO SUPERIOR COURT 20 9th street,sacramento,Ca., 95814**

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA  501 I street,

sacramento,Ca.,
  Attorney General
Jerry Brown 1300 I street,1300 I street,Suite 125,Sacramento,ca., 95824

THERE IS DELIVERY SERVICE BY THE UNITED STATES MAIL AT THE PLACE SO ADDRESSED, AND/OR THERE IS REGULAR COMMUNICATION BY MAIL BETWEEN THE PLACE OF MAILING AND THE PLACE SO ADDRESSED.

I DECLARE UNDER THE PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

EXECUTED  **2/16/2008**     , 2006, AT FOLSOM, CALIFORNIA..

William Cheney

**UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF CALIFORNIA
Office of the Clerk

| | | |
|---|---|---|
| **Victoria C. Minor** | 501 "I" Street | Divisional Office |
| Clerk of Court | Sacramento, CA 95814 | 2500 Tulare Street |
| | | Fresno, CA 93721 |

**February 22, 2008**

**Case Number:**    **2:08–CV–00377–GEB–JFM**

**Case Title:**    **WILLIAMS CHANEY,**        vs.  **M. C. KRAMER,**

Dear Litigant,

   You are hereby notified that the above case number has been assigned to your action. You are to include the complete case number on all documents sent to the court for filing in this case. Failure to do so results in delayed processing of your documents.

   All matters in this action shall be sent to the following address until further notice:

Office of the Clerk
United States District Court
Eastern District of California
501 "I" Street , Suite 4–200
Sacramento, CA 95814

For timely processing of your pleadings or correspondence, please comply with our Local Rules of Court, in particular:

   **Local Rule 5–133**  The court requires an original plus one copy of each document sent for filing. If you desire to receive a conformed copy for your records, you must send an original and two copies of your document and a pre–addressed postage–paid envelope for us to return your copy to you.

   **Local Rule 5–135**  Once the defendant(s) have served a responsive pleading, you are under an ongoing duty to serve them with copies of all documents you submit to the court. A proof of service shall be attached to the original of any document lodged or filed with the court, showing the date, manner and place of service. A sample proof of service is attached.

   **Local Rule 7–130**  Documents submitted to the court must be legible, on 8–½ " x 11" paper, with writing on one (1) side of the page only. Each separate document must be stapled at the top left corner and pre–punched with two (2) holes centered 2–¾" apart, ½" from the top edge of the page. Each page should be numbered consecutively at the bottom.

   **Local Rule 7–132**  Every document submitted to the court must include your name, address and prisoner identification number in the upper left hand corner of the first page. The caption on the first page must include the title of this court, the title of the action, the case number assigned to this action (including all initials and letters that follow the number), and the title of your document. If you are pursuing more than one action in this court, you must submit a separate original document and the appropriate number of copies for each action in which you want the document filed.

**Local Rule 6–142**  A request for extension of time must state the reason an extension is needed. A request for extension of time should be filed before the deadline in question.

**Local Rules 30–250, 33–250, 34–250 and 36–250**  Discovery requests or responses should not be submitted to the court unless they are relevant and necessary to support or oppose a motion at issue before the court.

**Local Rule 83–182**  Each party appearing in propria persona is under a continuing duty to notify the Clerk and all other parties of any change of address.

**Other Provisions:**

**Request for Case Status**  The court will notify you as soon as any action is taken in your case. Due to the large number of civil actions pending before the court, THE CLERK IS UNABLE TO RESPOND IN WRITING TO INDIVIDUAL INQUIRES REGARDING THE STATUS OF YOUR CASE. As long as you keep the court apprised of your current address, you will receive all court decisions which might affect the status of your case.

**Copy Work**  The Clerk's Office does not provide copies of documents to parties. Copies of documents may be obtained from Attorney's Diversified Service (ADS) by writing to them at: 1424 21st Street, Sacramento, CA 95814, or by phoning 916–441–4396 or 916–441–4466. The court will provide copies of docket sheets at $0.50 per page. **Note: In Forma Pauperis** status does not include the cost of copies.

> Victoria C. Minor
> Clerk of Court
> United States District Court
>
> by: /s/ C. Manzer
> Deputy Clerk

The following is a sample Proof of Service.   Pursuant to Rule 5 of the F.R.Cv.P. and Local Rule 5–135, each document filed after the court orders service in your case shall be served on opposing counsel and a proof of service attached to your document filed with the court.

---

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA


(Case Title)
_____
                        Plaintiff or Petitioner

V.                                                      Case Number: 2:99–CV–99999 ABC DFG
                                                        (example case no.)

_____
                        Defendant or Respondent

                                                        **SAMPLE PROOF OF SERVICE**

_____        /




   I hereby certify that on      (Date)_____, I served a copy

of the attached        (Title of Document Served and Filed)_____,

by placing a copy in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said

enevelope in the United States Mail at        (Location of Mailing)_____:

**(List Name and Address of Each Defendant or Attorney Served)**






I declare under penalty of perjury that the foregoing is true and correct.


                                        _____
                                        (Name of Person Completing Service)

**NOTICE OF AVAILABILITY OF A MAGISTRATE JUDGE**

**TO EXERCISE JURISDICTION AND APPEAL INSTRUCTIONS**

You are hereby notified in accordance with 28 U.S.C §636(c), F.R.Civ.P.73 and Local Rule 73–305, the United States Magistrate Judges sitting in Sacramento and Fresno are available to exercise the court's case dispositive jurisdiction and to conduct any or all case despositive proceedings in this action, including motions to dismiss, motions for summary judgment, a jury or nonjury trial, and entry of a final judgment.  Exercise of this jurisdiction by a Magistrate Judge is however, permitted only if all parties voluntarily consent.  You may, without adverse substantive consequences, withhold your consent, but this will prevent the court's case dispositive jurisdiction from being exercised by a Magistrate Judge.

Any appeal from a judgment entered by a Magistrate Judge is taken directly to the United States Court of Appeals for the Ninth Circuit or, where appropriate, for the Federal Circuit in the same manner as an appeal from any other judgment of a District Court.

Whether or not the parties consent to pursuant to 28 U.S.C. § 636(c) the assigned Magistrate Judge will hear all motions except those case dispositive motions set forth in 28 U.S.C. § 636(b)(1)(A).

A copy of the Form for "Consent to / Decline of Jurisdiction of United States Magistrate Judge" is attached hereto for pro per use and attorney information.  This form is available in fillable .pdf format on the court's web site at www.caed.uscourts.gov for all attorney ECF filers. This form may be filed through CM/ECF or by pro se litigants at the appropriate Clerk's Office location.

| | |
|---|---|
| Office of the Clerk | Office of the Clerk |
| 501 I Street, Room 4–200 | 2500 Tulare Street , Suite 1501 |
| Sacramento, CA 95814 | Fresno, CA 93721 |

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

**WILLIAMS CHANEY,**
Plaintiff(s)/Petitioner(s),

vs.

CASE NO.  **2:08–CV–00377–GEB–JFM**

**M. C. KRAMER,**
Defendant(s)/Respondents(s).

---

**IMPORTANT**
  **IF YOU CHOOSE TO CONSENT OR DECLINE TO CONSENT TO JURISDICTION OF A UNITED STATES MAGISTRATE JUDGE, CHECK AND SIGN THE APPROPRIATE SECTION OF THIS FORM AND RETURN IT TO THE CLERK'S OFFICE.**

---

☐    **CONSENT TO JURISDICTION OF**
**UNITED STATES MAGISTRATE JUDGE**

   In accordance with the provisions of Title 28, U.S.C Sec. 636(c)(1), the undersigned hereby voluntarily consents to have a United States Magistrate Judge conduct all further proceedings in this case, including trial and entry of final judgment, with direct review by the Ninth Circuit Court of Appeals, in the event an appeal is filed.

   Date: _____          Signature: _____

                                        Print Name: _____
                                         ( ) Plaintiff/Petitioner  ( ) Defendant/Respondent
                                        ( ) Counsel for *_____

---

☐    **DECLINE OF JURISDICTION OF**
**UNITED STATES MAGISTRATE JUDGE**

   Pursuant to Title 28, U.S.C. Sec 636(c)(2), the undersigned acknowledges the availability of a United States Magistrate Judge but hereby declines to consent.

    Date: _____          Signature: _____

                                        Print Name: _____
                                         ( ) Plaintiff/Petitioner  ( ) Defendant/Respondent
                                        ( ) Counsel for *_____

---

***If representing more than one party, counsel must indicate name of each party responding.***

1

2

3

4

5                    IN THE UNITED STATES DISTRICT COURT

6                  FOR THE EASTERN DISTRICT OF CALIFORNIA

7    WILLIAMS CHANEY,

8              Petitioner,              No. CIV S-08-0377 GEB JFM P

9        vs.

10   M.C. KRAMER, et al.,

11             Respondents.             ORDER

12   _____/

13           Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of

14   habeas corpus pursuant to 28 U.S.C. § 2254.

15           The application attacks a conviction issued by the Alameda County Superior

16   Court.  While both this Court and the United States District Court in the district where petitioner

17   was convicted have jurisdiction, see Braden v. 30th Judicial Circuit Court, 410 U.S. 484 (1973),

18   any and all witnesses and evidence necessary for the resolution of petitioner's application are

19   more readily available in Alameda County.  Id. at 499 n.15; 28 U.S.C. § 2241(d).

20           Accordingly, in the furtherance of justice, IT IS HEREBY ORDERED that this

21   matter is transferred to the United States District Court for the Northern District of California.

22   DATED:  February 27, 2008.

23

24                                      _____
                                        UNITED STATES MAGISTRATE JUDGE

25

26   /mp;001; chan0377.108