IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM CHANEY,<br><br>    Petitioner,<br><br>  v.<br><br>M.C. KRAMER, Warden,<br><br>    Respondent._____/ | No. 08-01230 CW<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS |

On February 16, 2008, pro se Petitioner William Chaney, a California state prisoner currently incarcerated at Folsom State Prison, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the validity of his incarceration. Respondent filed a motion to dismiss. Petitioner filed an opposition. Respondent filed a reply. Petitioner filed another opposition. Having considered all the papers submitted by the parties, the Court GRANTS Respondent's motion to dismiss.

BACKGROUND

On September 18, 1990, Petitioner William Chaney proceeded to trial by jury. On October 25, 1990, the jury found Petitioner guilty of one count of first degree murder and one count of attempted first degree murder. Petitioner's co-defendant was similarly convicted. On January 11, 1991, Petitioner was sentenced

to twenty-five years to life in prison for the first degree murder conviction and to eleven years, eight months in prison consecutively for the attempted first degree murder conviction.

On February 19, 1991, Petitioner filed a timely appeal to the California court of appeal. The appellate court affirmed the trial court's judgment. On March 5, 2007, Petitioner filed a petition for a writ of habeas corpus in the California court of appeal. On March 8, 2007, the appellate court denied the petition on the ground that Petitioner failed to demonstrate good cause for his delay of over fifteen years in seeking relief and failed to show that his petition should be considered under an exception to the requirement that habeas relief be timely sought. Also, the appellate court instructed Petitioner to file his claim regarding the conditions of his confinement in the proper venue, namely, in Sacramento County, the county of his confinement. Instead, Petitioner filed a petition for a writ of habeas corpus in the California Supreme Court, which was denied on January 23, 2008. On February 16, 2008, Petitioner filed this federal habeas petition, alleging one claim based on the conditions of his confinement and four claims based on constitutional violations at his 1990 trial.

## DISCUSSION

Respondent moves to dismiss Petitioner's first claim on the grounds that it is not cognizable on habeas review and is barred by procedural default, and moves to dismiss Petitioner's four constitutional claims on the grounds that they are barred by the statute of limitations.

I.   Petitioner's Prison Placement Score

Petitioner claims that the Folsom State Prison Classification Committee improperly elevated his prison placement score from nineteen to twenty-eight based on his murder conviction and, as a result, placed him in a level three security facility. Petitioner seeks to decrease his placement score.

A federal court may entertain a habeas petition from a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). In Preiser v. Rodriquez, the Supreme Court addressed the intersection between § 1983 and writs of habeas corpus and held that "when a state prisoner is challenging the very fact or duration of his physical confinement," and where "the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment," the prisoner's "sole federal remedy is a writ of habeas corpus." 411 U.S. 475, 500 (1973). Conversely, "a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." Id. at 499.

Because Petitioner does not alleges that his elevated placement score affects the fact or duration of his imprisonment, it is not a cognizable claim for habeas relief. Thus, Respondent's motion to dismiss this claim is granted.[1]

---

[1] Because Petitioner's claim is not cognizable as a federal habeas claim, the Court need not address Respondent's argument that it is barred by procedural default.

3

II.  Petitioner's Constitutional Claims Based on the 1990 Trial

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides a one-year statute of limitations in which to file a petition for a writ of habeas corpus.  28 U.S.C. § 2244(d)(1). For state prisoners who were convicted before AEDPA's enactment, the statute of limitations began to run on the day after Congress enacted it: April 24, 1996.  Malcom v. Payne, 281 F.3d 951, 955 (9th Cir. 2002).  As such, Petitioner had until April 24, 1997 to file his petition.

Petitioner filed the instant petition on February 20, 2008, nearly eleven years after the statute of limitations had run. Petitioner does not claim that his petition should be considered under an exception to the requirement that habeas relief be timely sought.  His petition is therefore time-barred.  Accordingly, Respondent's motion to dismiss Petitioner's constitutional claims is granted.

## CONCLUSION

For the foregoing reasons, Respondent's motion to dismiss is GRANTED.  The Clerk of the Court shall enter judgment and close the file.

IT IS SO ORDERED.

Dated: July 28, 2010

CLAUDIA WILKEN
United States District Judge